

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Hon. Bun L. Hutchinson     Opinion No. V-287
County Attorney
Bowie County             Re:   Authority of Levee
Boston, Texas                   Improvement District
                                   to make contribution
                                   out of Reserve Main-
                                   tenance Fund.

Dear Sir:

We copy from your letter of June 3, 1947, the facts and question upon which our opinion is requested:

"FACTS: The Bowie County Levee Improvement District No. 1 is a duly and legally consti-tuted levee improvement district, and as a part of its levee improvement and drainage program has heretofore constructed a canal several miles in length within the district, which canal drains water off of approximately 14,000 acres of Red River bottom land. This canal is now, and has been at all times main-tained by the district and it empties into Edwards Lake, a natural lake also located within the district, which lake empties into Red River. During the course of years the mouth of Edwards Lake has filled to such an extent that surface water at this time on the farms draining into the canal will not pass on into Red River, thereby causing the al-most complete failure of drainage from the farm lands in this district.

"The levee improvement district now has on hand several thousand dollars in its main-tenance fund, which it holds in reserve as against emergencies or possible breaks in the levee protecting the farm lands from overflow from Red River, and the supervisors of this district desire, if legally possible, to contribute a reasonable portion of its re-serve maintenance fund to a common fund raised by private donations and otherwise, which common fund is to be used by a committee

in employing engineers to make a survey of
the obstructions in the mouth of Edwards
Lake, and the preparation of plans and es-
timates of costs of removing these obstruc-
tions, and further to be used in paying
time and expenses of engineers and other
representatives in going to Washington, D.C.
to present the conditions herein stated to
appropriate committees of Congress, seeking
an appropriation to the Army engineers for
the purpose of having the Army engineers re-
move these obstructions from the mouth of
Edwards Lake.

"QUESTION: Whether or not the Board of
Supervisors of Bowie County Levee Improve-
ment District No. 1, in Bowie County, Texas,
can legally contribute a portion of its
maintenance funds to a common fund herein-
above described for the purposes herein-
above stated?"

Bowie County Levee Improvement District No. 1
was organized on February 10, 1913, under Articles 5530
to 5584, inclusive, Revised Civil Statutes, 1911 (Acts
1909, p. 140, Sec. 1 to 58, inc.). It is assumed that
said district has availed itself of the conservation
amendment to the Constitution, Article 16, Sec. 59, and
the various Acts passed thereunder covering levee improve-
ment districts, now represented by Articles 7972 to 8042,
inclusive, Vernon's Civil Statutes (Acts 1925, Ch.21, as
amended). In any case, we are unable to find in the pro-
visions of the 1909 Act or the 1925 Act authorization for
the contribution sought to be made by the district here.

In carrying out its purposes and in expending
its funds, a district, such as the one involved here, is
limited to the doing of only those things which are ex-
pressly authorized or which may be clearly implied from
the statutes governing its actions.

The purposes for which levee improvement dis-
tricts are created are set out in Article 7972, as

". . . constructing and maintaining
levees and other improvements on, along and
contiguous to rivers, creeks, and streams,
for the purpose of reclaiming lands from
overflow from such streams, for the purpose

of the control and distribution of the waters of rivers and streams by straightening and otherwise improving the same, and for the proper drainage and other improvement of such lands, . . ."

The powers granted in order to fulfill these purposes are described in Article 7980 as follows:

"Levee improvement districts created under this Act or entitled to the benefits of its provisions, subject to the supervision and direction of the State Reclamation Engineer, or other superior authority created by law, and subject to the limitations in this Act contained, shall have full power and authority to build, construct, complete, carry out, maintain, protect, and in case of necessity, add to and rebuild all works and improvements within their district necessary or proper to fully accomplish any plan of reclamation lawfully adopted for or on behalf of such district, and may make all necessary and proper contracts, and employ all persons and means necessary or proper to that end;. . ."

Levee improvement districts are authorized to act in conjunction with others by Article 7986, which provides as follows:

"Levee improvement districts shall have authority to act jointly with each other, with cities and towns and other political subdivisions of the State, with other states, and with the Government of the United States in the performance of any of the things permitted by this Act; such joint acts to be done upon such terms as may be agreed upon by their supervisors, subject to the approval of the State Reclamation Engineer."

The maintenance fund of such districts may be expended as provided in Article 8015, which states:

". . . The proceeds of such taxes shall be used for the maintenance, upkeep, repairs and additions to the levees

and other improvements in the district,
and for no other purposes, except as may
be herein otherwise provided. . . ."

The above quoted articles must be looked to in
order to authorize the contribution in question since
nothing is to be found in the 1925 Act, as amended, which
would otherwise authorize the contribution involved here.
We find nothing in these articles, either express or im-
plied, which would authorize the contribution, nor do we
find in the 1909 Act, the Act under which the district
in question was created, any such authorization.

It is provided in Article 7980, V. C. S., that
only the construction and maintenance of those improve-
ments are authorized which are necessary and proper to
accomplish the district's "plan of reclamation" which
has been adopted and approved as provided in Article
7990, and by Article 8027 and 8028 it is declared to be
unlawful for the district to construct or maintain any
levee or other improvement without first adopting such
a plan and having the same approved by the State Recla-
mation Engineer, whose duties by Article 5421h are now
exercised by the Commissioner of the General Land Office.
In Nathan vs. Rockwell County Levee Improvement District
No. 1 (T.C.A. 1929) 17 S. W. (2) 841, these statutes
were construed; and it was held that a levee improvement
district may carry out only those works authorized by
its "plan of reclamation" and suffers no liability for
damage caused by a work unauthorized by such plan. We
assume from your statement of facts that the project
which the contribution anticipates will be a project
which, presently at least, is not covered by the dis-
trict's plan of reclamation. If the district is unable
to undertake the project under its present plan of recla-
mation, it must follow that it is unable to contribute
its funds to such a project.

An agency of the State cannot delegate to oth-
ers jurisdiction, duty or authority vested in it by stat-
ute. We feel that the contribution under the facts given
will have this effect and base our opinion upon this ad-
ditional consideration.

In rendering this opinion, we recognize the
district's authority to undertake upon its own initia-
tive or in conjunction with the political subdivisions
enumerated in Article 7986, or through contributions by
citizens or others to it, and after proper approval of

plan, the work which the contribution here in question anticipates.

A situation more or less analogous to that which confronts the district here was involved in Galveston County v. Gresham (CCA, 1920) 220 S. W. 560, writ refused. A reading of that case may suggest to the district a solution to the problem which confronts it.

## SUMMARY

(1) A levee improvement district may not contribute from its reserve maintenance fund to a citizens' committee, over which it has no control, formed for the purpose of engaging engineers and developing a plan for cleaning a stream to facilitate drainage within the district, such committee to contact the federal government for appropriation and aid in the project.

(2) A levee improvement district may accept donations from citizens or from any other source and expend its own funds to developing a plan approved by the State Reclamation Engineer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By H. D. Pruett, Jr.
Assistant

APPROVED

ATTORNEY GENERAL

HDP:bt:jrb